IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DECARMEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-427 |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

OPINION

Presently before the court is an amended petition for attorney's fees filed by plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. Upon due consideration of the amended petition, the government's opposition thereto and plaintiff's reply, the amended petition for EAJA fees will be granted, but the court will award attorney's fees under the EAJA in a lesser amount than has been requested.

This case commenced upon a complaint filed by David Decarmen ("plaintiff") seeking judicial review of an adverse decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. The case originally was assigned to United States Magistrate Judge Amy Reynolds Hay. Plaintiff elected a district judge option and the case then was re-assigned to this member of the court, with a referral to Magistrate Judge Hay. Following cross-motions for summary judgment, Magistrate Judge Hay submitted a Report and Recommendation finding that the ALJ improperly weighed both the medical evidence and plaintiff's credibility, and recommending that the case be remanded to the Commissioner for further proceedings. This court subsequently adopted the Report and Recommendation as the opinion of the court and remanded the case to the Commissioner.

Plaintiff's counsel's amended petition seeks attorney's fees in the amount of $5,737.50 under §204(d) of the EAJA, which provides in pertinent part:

> "... a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ...including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. §2412(d)(1).

Here, there is no dispute that plaintiff was a prevailing party within the meaning of the EAJA. Nevertheless, the Commissioner opposes the fee request on two grounds. First, the Commissioner argues that the position of the United States was substantially justified and that plaintiff therefore is not entitled to any attorney's fees under the EAJA. Alternatively, the Commissioner contends that the fee request should be reduced to a suggested amount of $3,000 because the hours claimed by plaintiff's counsel are not adequately documented and otherwise are excessive.

Upon review, the court does not believe that the position of the United States was "substantially justified" within the meaning of the EAJA, and therefore will award attorney's fees. However, the court does agree that plaintiff's fee request is somewhat unreasonable and will reduce the award below what plaintiff has requested, but not to the extent suggested by the Commissioner.

### Discussion

A. **"Substantially Justified"**

The first issue before the court is whether the position of the United States was "substantially justified" within the meaning of the EAJA. As noted, pursuant to the statute, the court shall award fees to a prevailing party "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. §2412(d)(1) (emphasis added).

"Substantially justified" means that the decision is "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n 2 (emphasis added); *see also* Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998)(court cannot assume position was not substantially justified simply because the government lost on the merits).

The burden of demonstrating substantial justification under the EAJA falls on the government. Cruz v. Commissioner of Social Security, 630 F.3d 321, 324 (3d Cir. 2010). "To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and, (3) a reasonable connection between the facts alleged and the legal theory advanced.'" Id. (*quoting* Morgan, 142 F.3d at 684)(emphasis added).

Importantly, "the position of the United States" includes "not only the position taken in the litigation, but the agency position that made the litigation necessary in the first place." Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)(*citing* Taylor v. Heckler, 835 F.2d 1037, 1040 (3d Cir.1988). Thus, unless both the government's litigation and pre-litigation agency positions meet all three prongs of the test for substantial justification established in this circuit, the government's position was not substantially justified. Hanover Potato Products, Inc., 989 F.3d at 128; Taylor, 835 F.2d at 1042.

In this case, the position of the United States was that plaintiff is not disabled within the meaning of the Social Security Act. The ALJ issued a decision finding that plaintiff is not disabled,

and this decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. On judicial review of the Commissioner's final decision, the government continued to argue that plaintiff is not disabled, both before Magistrate Judge Hay, who determined that the Commissioner's decision was not supported by substantial evidence, and before this court in its objections to Magistrate Judge Hay's Report and Recommendation, which this court ultimately adopted as the opinion of the court.

The government now argues that even if the Commissioner's determination that plaintiff is not disabled was not supported by substantial evidence, its position nevertheless was a reasonable one and therefore was substantially justified. In support, the government alleges that the court "found" that evidence in the record supported the Commissioner's decision, but remanded merely due to an "incomplete articulation of the ALJ's findings." The Commissioner's argument is unavailing for two reasons.

Initially, the government is misconstruing the opinion of the court. The Report and Recommendation in this case, adopted as the opinion of this court, found that the ALJ's decision was not supported by substantial evidence because the ALJ improperly weighed the medical evidence and plaintiff's testimony. As to the medical evidence, the ALJ gave "little weight" to the opinion of plaintiff's treating physician. The determination of this court was that this was error because although the ALJ found that the treating physician's opinion was "inconsistent with other substantial evidence of record, including his own treatment notes," the ALJ failed to explain what portions of the treating physician's notes conflict with his medical opinion and also failed to cite to any medical evidence in the record indicating that plaintiff has a greater functional capacity than what his treating physician opined, or to any opinion from any of plaintiff's physicians indicating that plaintiff's shortness of breath was less severe than plaintiff claimed.

This court also determined that the ALJ improperly gave more weight to the opinion of the state agency medical consultant, who was not a physician, when that opinion was the only one contradictory to the opinion of the treating physician, and "the other alleged contradictory medical evidence was either not adequately explained or speculatively considered to be contradictory." Finally, because the ALJ relied on the same evidence in making his credibility determination that he did in weighing the treating physician's opinion, the ALJ was ordered to reconsider his credibility assessment on remand.

Contrary to the government's argument, the court did not "find" that there was substantial evidence to support the ALJ's conclusion of not disabled but for the ALJ's mere failure to cite to it.[1] Instead, in response to the government's references to asserted inconsistencies in the treating physician's report which *might* have supported the ALJ's evaluation of that report, the court simply noted that it could not rely on the Commissioner's citation to evidence that the ALJ himself did not discuss in the decision. See Fargnoli v. Massanari, 247 F.3d 34, 44 n 7 (3d Cir. 2001)(*citing* SEC v. Chenery Corp., 318 U.S 80 (1943)). Moreover, the court observed that the portions of the record which the Commissioner suggested supported the ALJ's evaluation, specifically several notations that plaintiff was "feeling fine," might not necessarily be inconsistent with the treating physician's opinion that plaintiff could return to work. See Brownawell v. Commissioner of Social Security, 554 F.3d 352, 356 (3d Cir. 2008)("doctor's observation that a patient is 'stable and well controlled with medication' ... does not necessarily support the medical conclusion that plaintiff could return to work")(citation omitted).

---

[1] Nor did the court determine that plaintiff is disabled and entitled to benefits. The court remanded the case for further proceedings so that the ALJ could *properly* analyze the medical evidence and plaintiff's credibility under the appropriate standards and set forth adequate and supportable explanations for rejecting or disregarding any evidence.

Accordingly, there is nothing in the Report and Recommendation which can be read to suggest that this court "found" that the ALJ's decision would have been supported by substantial evidence but for his failure to cite to the purportedly contradictory statements in the record referenced by the Commissioner on judicial review. Rather, the case was remanded in order for the ALJ to properly re-evaluate the opinion of the treating physician, as well as plaintiff's credibility, under the appropriate standards, and to adequately explain his evaluation of that evidence, setting forth explicitly any inconsistent statements in the treating physician's own notes, as well as any contradictory medical evidence from other sources, that would justify the rejection of the treating physician's opinion.

Secondly, even assuming *arguendo* that it was reasonable for the government to argue on judicial review that evidence not referenced by the ALJ nevertheless supported his evaluation of the medical evidence and ultimate determination that plaintiff is not disabled, as already discussed it is not sufficient for the government's litigation position alone to be reasonable; rather the Commissioner's decision that triggered judicial review in the first instance also must be reasonable. Here, the ALJ's decision clearly did not have a reasonable basis in law because he failed to adhere to several long-standing standards for the evaluation of medical evidence, and in particular the evaluation of the opinion of a treating physician.

These principles, including, *inter alia*, that a treating physician's opinion generally is entitled to "great weight" (Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)), that the ALJ can only reject a treating physician's opinion on the basis of contradictory medical evidence, not his own credibility judgments, speculation or lay opinion (Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000)), and, particularly, that the ALJ must consider all medical evidence and provide adequate explanations for disregarding or rejecting evidence (Weir o/b/o Weir v. Heckler, 734 F.2d

955, 961 (3d Cir. 1984), all are addressed in detail in the Report and Recommendation and need not be rehashed here.

The ALJ's failure to adhere to these well-established standards in evaluating the report of plaintiff's treating physician offends established precedent and renders the agency's position that plaintiff is not disabled unreasonable in law. *See, e.g.,* Forsythe v. Astrue, 2008 WL 4683436 at *3 (W.D.Pa., Oct. 22, 2008)(J. Standish)("ALJ's failure to discuss all the probative evidence should have been evident to the Appeals Council and to the Commissioner" and the Commissioner's position therefore was not substantially justified). Accordingly, because the agency determination triggering the litigation in this case did not have a reasonable basis in law, the position of the United States was not reasonable, and therefore, it was not substantially justified under the EAJA. As a result, plaintiff is entitled to an award of attorney's fees.

**B.    Reasonableness**

Having concluded that plaintiff is entitled to a fee award, the court next must determine in what amount. In calculating a reasonable award of attorney's fees under a fee-shifting statute such as the EAJA, this court is to use the "lodestar formula," which involves multiplying the number of hours reasonably expended by a reasonable hourly rate. *See* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986).

Here, plaintiff is seeking compensation for 33.75 hours of work at a rate of $170 per hour for a total amount of $5,737.50. The Commissioner opposes a fee award in this amount on two grounds: (1) that the requested amount is outside the "average" EAJA attorney's fees award; and,

(2) that the number of hours claimed is both inadequately documented and also excessive. The Commissioner suggests that a fee award of $3,000.00 would be adequate in this case. After close scrutiny of the amended petition, the Commissioner's opposition brief, and plaintiff's reply, this court believes that the total amount of plaintiff's counsel's request is somewhat unreasonable and should be reduced, but not to the extent suggested by the Commissioner.

Initially, the court rejects the Commissioner's argument that the requested fee should be reduced because it falls outside the "average" EAJA fee of "$3,000 to $4,000 per case." *See* Astrue v. Ratliff, 560 U.S. 586, 600 (2010)(J.Sotomayor, concurring).[2] Justice Sotomayor's statement regarding the "average" fee award was set forth in a concurring opinion in which she observed that "EAJA fee awards, which average only $3,000 to $4,000 per case, have proved to be a remarkably efficient way of improving access to the courts for the statute's intended beneficiaries, including thousands of recipients of Social Security and veteran's benefits." Id. at 600.[3]

This court does not believe that this statement, in dicta, in any way can be read to suggest, as the government contends, that courts should consider the "average" award rather than the traditional lodestar formula in determining a reasonable fee under the EAJA. Rather, the lodestar approach dictates that an EAJA fee award is to be based on the reasonableness of the fee and that reasonableness must be assessed based on the particular record in a particular case, not based on "averages." *See* Neal v. Astrue, 741 F.Supp.2d 729, 732 (W.D.Pa 2010)(J. Schwab).

---

[2] The issue in Ratliff was whether an EAJA attorney's fees award was payable directly to the litigant and therefore subject to an offset to satisfy the litigant's pre-existing debt to the government. The court held in the affirmative. Id. at 589.

[3] The "average" to which Justice Sotomayor cites pertained to cases involving fiscal years 1990-2006, and includes the average for fee awards under a "wide range of statutes" with social security cases and veterans' benefits cases representing the "lion's share." Ratliff, 560 U.S. at 600 n. 1.

The Commissioner next argues that even under the lodestar approach plaintiff's requested fee should be reduced because the 33.75 hours claimed are inadequately documented and otherwise were not reasonably expended. The court agrees on both counts.

Billing judgment, as used in the private sector, is an important component in assessing time claimed under a fee-shifting statute such as the EAJA. Hensley, 461 U.S. at 434. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Id. (emphasis in original; citation omitted). Accordingly, in reviewing a request for fees under the EAJA, this court has an obligation to reduce the number of hours claimed where they are documented inadequately, an unreasonable amount of time is expended on a particular task, or there is clear duplication of effort. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary") (*citing* Hensley, 461 U.S. at 433).

After careful review, this court believes that a reduction in hours in this case is appropriate. Initially, as the Commissioner aptly notes, plaintiff's hours have not been documented adequately. Included with the original petition for EAJA fees filed by plaintiff's counsel was an "itemization of time" breaking down the 33.75 hours requested.[4] This breakdown contained a block of time of 25.5 hours covering a two-week period for reviewing the file, preparing plaintiff's summary judgment motion and brief, and correspondence to the client. (Document 19). Plaintiff then filed the pending amended petition for EAJA fees attaching an amended itemization which breaks down the 25.5 hours of block time in order to "address the Agency's concerns expressed during attempts to settle the EAJA fee request." (Document No. 20).

---

[4] This itemization was under the heading "Re: Cerrone v. Commissioner, CA #10-114" but with "Cerrone" and "10-114" crossed out and "DeCarmen" and "09-427" handwritten above.

However, the amended itemization also has its flaws. One, the amended itemization's breakdown of the 25.5 block hours contained in the original itemization actually only adds up to 24.5 hours. More puzzling, after the breakdown of the contested block time, the amended itemization then sets forth entries that clearly apply to an *entirely different case,*[5] which are substituted in place of the entries from the original itemization relating to a review of the Report and Recommendation and the Commissioner's objections thereto, resulting in a new total of 37.0 hours.[6]

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." See Hensley, 461 U.S. at 433. Here, the amended itemization supercedes the original, and the court will not mix and match between the two despite the obvious error by plaintiff's counsel in including time from a different case in the amended petition. Accordingly, while plaintiff clearly is not entitled to any fee for the hours erroneously set forth in the amended itemization relating to a different case, the court likewise will not award fees for the 2.25 hours set forth in the original itemization for, *inter alia*, reviewing the Report and Recommendation, defendant's objections to the Report and Recommendation, and the order adopting the Report and Recommendation. Although those hours reasonably may have been expended, they are not adequately documented in the amended itemization, and therefore will not be compensated.[7]

---

[5] Included in the amended itemization are entries relating to the filing of a reply brief by plaintiff and a Rule 59(e) motion by the Commissioner, filings that were not made here.

[6] However, the amended petition also states that it incorporates paragraphs 1-8 of the original petition, which include, *inter alia*, plaintiff's request for a fee of $5,737.50 for 33.75 hours at $170 per hour.

[7] The court notes that plaintiff's counsel had an opportunity to rectify the discrepancies in the amended itemization but did not do so. After the government in its brief in opposition pointed out the erroneous inclusion in the amended itemization of time from a different case, plaintiff's counsel was granted leave to file a reply brief. The reply brief not only did not include a corrected itemization but, in fact, did not address the issue at all.

Finally, in regard to the entries in the amended petition which are documented adequately, the court finds that some of the claimed hours were not reasonably expended, particularly in the amount of time claimed for outlining arguments and doing research. Accordingly, a modest reduction in the number of hours claimed for those tasks is warranted

Initially, the court will not reduce the 4.5 hours spent reviewing the Appeals Council's decision, preliminarily reviewing the file, corresponding with plaintiff, preparing the complaint, reviewing the Commissioner's answer and preliminarily reviewing the transcript, despite the Commissioner's contention that those 4.5 hours should be reduced to 3.1. The court does not believe that the expenditure of 4.5 hours on the foregoing matters was unreasonable.

The remaining entries in the amended itemization consist of the breakdown of the 25.5 hours of "block time" set forth in the original itemization for reviewing the file and preparing the summary judgment motion and brief. These entries essentially can be broken down into three areas: 6 hours for reviewing the transcript; 9 hours for additional review of the transcripts, "outlining arguments" and researching; and, 9.5 hours for preparing the summary judgment motion and brief.[8]

The court finds nothing unreasonable in the expenditure of 6 hours to review the 460-page transcript in this case and will authorize compensation for those hours. *See, e.g.,* Seifert v. Commissioner of Social Security, 2013 WL 357568 (W.D.Pa, Jan. 29, 2013)(J. Diamond)(no objection by Commissioner to compensation for expenditure of 7 hours to review 800+ page transcript). Likewise, the expenditure of 9.5 hours on the preparation of the summary judgment motion and 24-page brief in support also was reasonable and is deserving of full compensation.

---

[8] The court notes again that the total time for these activities in the amended itemization amounts to 24.5, not 25.5, hours, as claimed in the original itemization.

However, the remaining 9 hours for which plaintiff's counsel seeks compensation for additional reviewing of the transcript, outlining the arguments and doing research appear to the court to be excessive and not reasonably expended in this case. In making this determination, the court notes that plaintiff's counsel essentially raised two fairly standard arguments: that the ALJ erred in evaluating the medical evidence and that the ALJ erred in assessing plaintiff's credibility. These are issues which plaintiff's counsel certainly have raised innumerable times over the course of their careers and with which they are quite familiar, and the court does not believe that spending nearly as much time outlining and researching these arguments as was spent on actually writing the brief was time reasonably expended. Given these factors, the court will reduce the requested hours for outlining arguments and researching from 9 to 5 hours.

Based on the foregoing reductions, the court believes that compensation for a total of 25.0 hours of work at a rate of $170.00 per hour is just and reasonable in this case. Accordingly, the court finds that plaintiff's counsel is entitled to a total award of $4,250.00 in attorney's fees under the EAJA, which shall be paid directly to plaintiff, with full or partial remittance contingent upon a determination that plaintiff owes no qualifying, pre-existing debt to the government. Ratliff, supra, 560 U.S. at 589 (holding that EAJA fee award is payable to the litigant and subject to a government offset to satisfy a pre-existing debt that the litigant owed to the United States); Cruz v. Commissioner of Social Security, 437 Fed. Appx. 67, 69 (3d Cir. 2011).

An appropriate order will follow.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

Date: September 8, 2015

cc: Karl E. Osterhout, Esq.
Lindsay Fulton Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Michael Colville
Assistant United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219